**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM CRUMP, JR.,

        Petitioner,               Case Number: 2:16-CV-13381
                                          HONORABLE DENISE PAGE HOOD

v.

SHERRY L. BURT,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR ORDER TO THE TRIAL COURT TO PRODUCE AND FURNISH THE TRIAL TRANSCRIPTS AND ALL OTHER COURT DOCUMENTS

Petitioner William Crump, Jr., filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of third-degree criminal sexual conduct, three counts of fourth-degree criminal sexual conduct, and one count of accosting a child for an immoral purpose. Now before the Court is Petitioner's Motion for Order to the Trial Court to Produce and Furnish the Trial Transcripts and All Other Court Documents. The Court denies the motion.

Petitioner seeks to have the Court compel the state court to provide him, free of charge, copies of a vast array of documents related to his criminal proceeding, including: all police reports, arrest warrants, warrant returns, all pretrial motions, motion hearing transcripts, trial transcripts, judge's notes, affidavits from all witnesses and witnesses not called, and presentence reports. This Court has "no authority to ... direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421

F.2d 1384, 1386 (6th Cir. 1970). Petitioner also "does not enjoy an unfettered right to a transcript at government expense to assist him in the preparation of a collateral attack on the conviction." *United States v. Cook*, 3 Fed. App'x 449, 451 (6th Cir. 2001), citing *United States v. MacCollom*, 426 U.S. 317, 323-24 (1976)); *see also Rickard v. Burton*, 2 Fed. App'x 469, 470 (6th Cir. 2001) (finding no constitutional right to a transcript to prepare for a post-conviction proceeding). Petitioner does not identify any specific needs related to his request for these documents, other than the need to identify potential constitutional deprivations. But a habeas petition is not the appropriate vehicle to use to discover new claims. *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("[h]abeas corpus is not a general form of relief for those who seek to explore their case in search of its existence"). Petitioner filed a fifty-two page petition and over two hundred pages of exhibits, many of which are excerpts of the state court record. He has failed to show that he needs access to additional documents or pleadings to discover non-frivolous issues or to support the issues already raised.

Accordingly, the Court DENIES Petitioner's Motion for Order to the Trial Court to Produce and Furnish the Trial Transcripts and All Other Court Documents (ECF No. 12).

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: March 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2018, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager